*Court of Appeals, Fifth Circuit, Ascension Parish.*

SUCCESSION OF DONAT MONSON, on the Opposition of Widow APOLINE MONSON to Homologation of Administrator's Account.

1. A person suing under a special provision of the law, must bring himself within its terms.
2. To entitle a surety to contribution, as against his co-surety, it must appear that the former has satisfied the debt, in consequence of a law-suit instituted against him.
3. Until this is shown, the surety is without cause of action against his co-surety.

*Appeal from the Twenty-Second Judicial District Court, Parish of Ascension. Cheevers, Judge.*

*John H. Illsley* for opponent and appellee.
*Paul Lèche* for administrator and appellant.
*E. N. Pugh* for heirs and appellants.

BLAKE, J.—The sole question presented in this case is one of contribution between co-sureties.

It appears that the opponent in this case, together with Donat Monson, now deceased, obligated themselves, severally and *in solido*, on a tutorship bond. Subsequently a judgment, as against the surety, widow Apoline Monson, was recovered in an action on that bond. Apprehensive of a seizure under that judgment, she now opposes the administrator's account filed in

the succession of her co-surety, Donat Monson, and asks that said account be so amended as to compel a contribution from said succession for half of the judgment obtained against her, and to be paid over to her.

The judgment of the district court is to the effect that said contribution and payment be made in conformity to the prayer of opponent's petition.

The objection urged by the administrator is that the opponent has not satisfied the judgment rendered against her, and that the theory of contribution is predicated on payment, which seems to be wanting in this instance.

Article 3058 (3027) of the La. Civil Code (the law governing this case) reads as follows: "When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt has his remedy against the other sureties, in proportion to the share of each; but this remedy takes place only when such person has paid in consequence of a law-suit instituted against him."

Until this law is shown to have been complied with, the appellee is without cause of action. The language of the law seems plain and unambiguous.

In order to entitle a debtor to the right of contribution, as against his co-debtor or surety, he must have satisfied the original debt in consequence of a law-suit instituted against him, in which case there arises a subrogation in his favor against his co-surety for his share of the debt.

A person suing under a *special provision* of the law, must bring himself within its terms. For these reasons we are forced to the conclusion that the grounds of opposition are not well founded in law, and that the judgment maintaining the same is erroneous. Judgment reversed and opposition dismissed.